RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 / 12 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN W. ARNOLD,<br>   Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:12-cv-00045 |
| VERSUS | |
| ASK-CARLSON, WARDEN,<br>   Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Steven W. Arnold ("Arnold") on January 12, 2012. Arnold is contesting his conviction by a jury in the United States District Court for the District of Minnesota on one count of conspiracy to possess with intent to distribute and distribution of cocaine base and cocaine, and two counts of possession with intent to and distribution of a mixture containing cocaine base. Arnold was sentenced to 360 months imprisonment. U.S. v. Arnold, 985 F.2d 970 (8th Cir.), cert. den., 510 U.S. 856, 114 S.Ct. 164 (1993). Arnold is presently confined in the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock").

Arnold raises the following grounds for habeas relief:

> 1. The indictment charged a violation of drug statutes without any evidence that the type and quantity of substance alleged was in fact a controlled substance that triggered the higher sentencing of 21 U.S.C. §

841(b)(1)(iii).

2. There was not a chemist or a lab report to support the conclusion of law that cocaine base was the substance being defined as crack to warrant the sentence imposed.

## Law and Analysis

Arnold previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 which was denied by the Minnesota district court and the Eighth Circuit Court of Appeals, U.S. v. Arnold, 63 F.3d 708 (8th Cir. 1995). Arnold filed a motion for reduction of sentence pursuant to a sentencing commission amendment to the offense "statutory maximum" guideline for career offender status, which was denied by the Eighth Circuit. U.S. v. Arnold, 115 F.3d 621 (8th Cir. 1997). Arnold then filed a Rule 60(b)(4) motion challenging the validity of his indictment, which was also denied. U.S. v. Arnold, 2001 wl 435648 (D.Minn. 2001). Arnold contends he recently applied to the Eighth Circuit for authorization to file a second Section 2255 motion, which was denied. Arnold filed the above-captioned Section 2241 petition on January 12, 2012.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Minnesota district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee, 244 F.3d at 372. A petition filed under Section 2241 which attacks errors that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make Section 2255 inadequate or ineffective.

3

See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

In the case at bar, Arnold has not attempted to show that he meets the savings clause; he has not cited any retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and is "actually innocent." Arnold cites DePierre v. U.S., 131 S.Ct. 2225 (U.S. 2011), which held that the statutory term "cocaine base" includes, but is not limited to, "crack cocaine." See Day v. Tamez, 2012 wl

4

89274 (5th Cir. 2012). Arnold argues that DePierre is retroactively applicable because it did not announce a new rule of constitutional law, but merely clarified the plain language of 21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(B)(iii).

Arnold also argues that DePierre established that he is "actually innocent" his conviction pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) because the government did not establish the precise quantity and type of drugs that were in his possession. Arnold contends there was no evidence introduced at trial to show the nature of the substance and the quantity of it, and precisely how much was attributable to Arnold. However, none of those issues were dealt with in DePierre, which held only that the term "cocaine base" included crack cocaine. Since Arnold was found guilty of possessing with intent to distribute crack cocaine, DePierre did not decriminalize any of the conduct for which Arnold was convicted. Compare Day, 2012 wl 89274; U.S. v. Phillips, 2011 wl 5509155 (E.D.La. 2011).

Therefore, Arnold has not cited a Supreme Court decision that establishes he may have convicted of conduct that did not constitute a crime. Since Arnold has not met the savings clause requirements, his claims are not properly brought under Section 2241, and this court lacks jurisdiction to consider his claims under Section 2255. Therefore, Arnold's habeas petition attacking his federal convictions and sentences must be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Arnold's Section 2241 petition attacking his federal convictions and sentences be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 12th day of March 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE